**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

ALTIRA GROUP LLC,

              Plaintiff

v.

ALTIRA CAPITAL LLC,

              Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff, Altira Group, LLC ("Altira"), by and through its undersigned counsel, alleges as follows:

## PARTIES

1. Plaintiff Altira Group, LLC is a Colorado Limited Liability Company with a principal place of business at 205 Detroit St Suite 205, Denver, CO 80206.

2. On information and belief based on the records of the Delaware Secretary of State and its website (www.altiracapital.com), Defendant Altira Capital LLC ("Defendant") is a Delaware Limited Liability Company, and has its principal place of business in New York.

## JURISDICTION

3. This is an action for federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

4. This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.  This court has subject matter jurisdiction over remaining claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. Personal jurisdiction is appropriate because, on information and belief, Defendant has conducted business in the State of Colorado.  For example, on information and belief, Defendant is or has been in discussions with Colorado municipalities in connection with a project to install fiber cable infrastructure in this State.  Personal jurisdiction is further appropriate over Defendant under C.R.S. § 13-1-124, including as the claims of this action relate to or otherwise arise from Defendant's transactions and acts within Colorado.

1

6. Venue is proper in this district under 28 U.S.C. § 1391, including because, on information and belief based on the conduct described in Paragraph 5, a substantial part of the acts giving rise to the claims described herein took place within this district.

## BACKGROUND

### *Altira and Its Rights in the Mark*

7. Altira was formed in 1996 as a limited liability company whose primary business is the sourcing, consummation, and management and disposition of venture capital investments in companies that develop and commercialize technology related to the energy industry. The company carries out that business on behalf of a number of funds, known widely as the "Altira Technology Funds."

8. The investments of the Altira Technology Funds include investments in "clean energy" companies. Clean energy is defined by the United States Environmental Protection Agency as including "renewable energy, energy efficiency and efficient combined heat and power." *See* https://www.epa.gov/energy/learn-about-energy-and-its-impact-environment (last visited May 2, 2023).

9. For example, in 2015, Altira completed an investment round through the Altira Technology Funds into FlexGen Power Systems, an integrated energy storage technology platform that provides technology supporting battery energy storage systems.

10. Altira regularly appears at energy conferences as a sponsor and speaker. For example, Altira regularly attends the Unconventional Resources and Technology Conference in Denver, where it meets with operators and its current and potential investments.

*The ALTIRA Marks*

11. Altira adopted and first used the ALTIRA mark in connection with its investment services at least as early as November 21, 1996, and first used ALTIRA in interstate commerce at least as early as February 10, 1997.

12. Altira is the registered owner of U.S. Trademark Registration No. 2,146,057 (the "'057 Registration"), for the "ALTIRA" mark in connection with venture capital investment. The application issuing as the '057 Registration was filed on March 24, 1998 by Altira's predecessor in interest, and was assigned to Altira Group LLC. A copy of the '057 Registration datasheet from the Trademark Electronic Search System and of the registration certification is attached hereto as **Exhibit 1**.

13. Altira is the registered owner of U.S. Trademark Registration No. 3,611,101 (the "'101 Registration", and collectively with the '057 Registration, the ALTIRA Marks), for the "ALTIRA" mark in connection with financial investment services "[f]inancial investment services in the field of oil and gas technology; venture capital investment; financial investment services in the field of energy technology, renewable energy, sustainable energy, energy efficiency, and electric power." The '101 Registration was registered on April 28, 2009. A copy of the '101 Registration from the Trademark Electronic Search System and of the registration certificate is attached hereto as **Exhibit 2**.

14. Altira has advertised its services prominently under both the ALTIRA Marks and as the ALTIRA GROUP on a nationwide basis, including through tombstone advertisements, press releases, and news articles. Altira has also advertised and promoted its ALTIRA Marks through brochures, speaking engagements, event sponsorship, business cards, and stationary.

For example, Altira recently sponsored events at the World Oilman's Tennis Tournament in Houston, Texas, on behalf of one of its investment holdings (iNet), and was featured alongside iNet in the events sponsored as seen below:



15. As explained on Altira's website, iNet (short for Infrastructure Networks) "is a developer of proprietary 4G LTE wireless networks that enable the Industrial Internet of Things (IIoT) for machine-to-machine communications in critical infrastructure industries such as oil and gas exploration and production." *See* https://altiragroup.com/portfolio/current-investments (last visited May 4, 2023).

16. The ALITRA Marks appear alone or in a predominant fashion on Altira's website, which is located at www.altiragroup.com. Exemplary pages from the Altira website are attached hereto as **Exhibit 3**.

4

17. Altira has spent substantial resources to advertise and promote its services and the ALTIRA Marks.

18. Through these and other efforts, the name and ALTIRA Marks have come to be recognized by persons with whom and entities with whom Plaintiff deals or potentially deals, and further recognized by the public in general, as indicating the source and quality of Altira's investment services.

19. Altira has been highly successful in its business under the ALTIRA name and ALTIRA Marks, having raised commitments in excess of $500 million for its Altira Technology Funds. Altira's most recent funding round included investments in companies building technology to help the energy sector comply with "Environmental, Social, and Governance" ("ESG") requirements.

20. Altira's rights in the ALTIRA Marks are matters of public record, including because Altira's federal registrations for the ALTIRA Marks has been publicly available beginning December 17, 1996, and provides for nationwide constructive rights in the mark pursuant to 15 U.S. Code § 1057(c).

21. As a result of Altira's prominent and consistent use, the ALTIRA Marks have developed and represent valuable goodwill inuring to the benefit of Altira.

**_Defendant's Use_**

22. On information and belief based on records from the Delaware Secretary of State, Defendant formed as Altira Capital LLC on June 29, 2021.

23. Defendant maintains a website at www.altiracapital.com. A true and correct copy of select pages from Defendant's website is attached as **Exhibit 4**.

24. On its website, Defendant promotes an ESG approach to investing. As to "Environmental" considerations, Defendant's website represents that in "creating [its portfolio], this [Environmental] commitment remains in focus and includes: Energy consumption[,] Waste and recycling processes[, and] Climate change risk." Defendant's website further states that it is "committed to executing [this] ESG framework in all aspects of [its] business processes: investment, integration, monitoring, reporting, and disclosure." *See* https://altiracapital.com/esg/ (last visited May 5, 2023).

25. On information and belief, Defendant has engaged in discussions with municipalities in Colorado, in connection with potential fiber infrastructure installations.

26. Based on the foregoing, Defendant is actively involved in venture capital investment services, including within the State of Colorado.

## COUNT I
(Trademark Infringement Under 15 U.S.C. § 1114)

27. Altira repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully stated herein.

28. Altira own valid federal trademark registrations, i.e., the '057 and '101 Registrations, for "ALTIRA" for venture capital investment services.

29. Defendant has used and plans to use the confusingly similar "ALTIRA CAPITAL" name in connection with its own activities, including through business and related discussions in the state of Colorado.

6

30. Defendant's name "ALTIRA CAPITAL" is, in all major respects, identical and confusingly similar to Altira's federally registered ALTIRA Marks.

31. Defendant's use of the name "ALTIRA CAPITAL" is likely to cause confusion as to the source of Plaintiff's and Defendant's respective services, and result in Plaintiff's loss of control over its name and reputation.

32. On information and belief based on the similarity of the mark, Defendant adopted the confusingly similar name "ALTIRA CAPITAL" with willful disregard for Altira's rights, and/or with an intent to mislead and deceive consumers into believing that services provided by Defendant are provided by, approved by, sponsored by, or otherwise affiliated with Altira and to appropriate the goodwill associated with the ALTIRA Marks.

33. On information and belief based on the similarity of the marks, Defendant's acts, as alleged herein, were committed with willful disregard of Altira's rights and/or the intent to confuse the public and to unjustly enrich Defendant at the expense of Altira and the business and goodwill that Altira has established in the Altira name and ALTIRA Marks.

34. Defendant's adoption and use of the name "ALTIRA CAPITAL" with actual and/or constructive notice of Altira's rights therefore constitutes an intentional and knowing violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), warranting entry of judgment in an amount three times the amount of Altira's actual damages.

35. On information and belief based on the foregoing, this is an exceptional case within the meaning of the Lanham Act, warranting the award of reasonable fees to Altira.

36. As a direct result of Defendant's actions, and unless restrained by this Court, Altira has been and will continue to be irreparably injured in that it no longer has complete

control of its reputation and the goodwill it developed in the ALTIRA service mark. Additionally, Altira has been damaged, in an amount to be determined at trial.

## COUNT II
### (Unfair Competition Under 15 U.S.C. § 1125(a))

37. Altira repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully stated herein.

38. The foregoing actions of Defendant constitute intentional and knowing unfair competition, false designation of origin, and false designation or representation in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

39. Altira is the senior user of the ALTIRA Marks and enjoys priority over Defendant.

40. The ALTIRA Marks are distinctive, and the ALTIRA Marks are well-known among consumers.

41. Altira's substantial use of the ALTIRA Marks is commerce has resulted in the subject marks being protectable and enforceable. The ALTIRA Marks are recognized by consumers, including within the state of Colorado, as exclusively identifying services associated with and emanating from Altira.

42. Altira owns all rights, title, and interest in and to the ALTIRA Marks, including all common law rights in such marks.

43. Defendant has infringed the ALTIRA Marks and created a false designation or origin by using in commerce, without Altira's permission, the confusingly similar ALTIRA

CAPITAL name in connection with its provision of services, including investment capital services.

44. Defendant's actions, including within the state of Colorado, are likely to cause confusion and mistake, or to deceive consumers and potential investors as to the affiliation, connection, or association of Defendant with Altira, and/or as to the origin, sponsorship, or approval of Defendant's services or its commercial activities, in violation of 15 U.S.C. § 1125(a).

45. As a direct result of Defendant's actions and unless restrained by this Court, Altira has been and will be irreparably injured in that it no longer has complete control of its reputation and the goodwill it has developed in the ALTIRA name and mark. Additionally, based on the foregoing, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a). Altira has been damaged in an amount to be fully determined at trial.

### COUNT III
(Trademark Infringement and Unfair Competition Under Colorado State Common Law)

46. Altira repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully stated herein.

47. Altira is the senior user of the ALTIRA Marks and enjoys priority over Defendant.

48. The ALTIRA Marks are distinctive, and the ALTIRA Marks are well-known among consumers.

49. Altira's substantial use of the ALTIRA Marks is commerce has resulted in the subject marks being protectable and enforceable. The ALTIRA Marks are recognized by

consumers, including within the state of Colorado, as exclusively identifying services associated with and emanating from Altira.

50. Altira owns all rights, title, and interest in and to the ALTIRA Marks, including all common law rights in such marks.

51. Defendant, without authorization from Altira, has used and is continuing to use the "ALTIRA CAPITAL" name in connection with its business, including within the state of Colorado, which is confusingly similar to the ALTIRA Marks.

52. By virtue of the acts complained of herein, Defendant has caused a likelihood of confusion in this judicial district and elsewhere in the country, and is unfairly competing with Altira in violation of the common law of the State of Colorado.

53. Defendant's acts complained of herein have damaged Altira in an amount to be determined at trial.

54. Defendant has irreparably injured Altira, and such injury will continue unless it is preliminary and permanently enjoined by this Court from any further violation of Altira's rights. Altira has no adequate remedy at law.

## TRIAL BY JURY

Pursuant Rule 38 of the Federal Rules of Civil Procedure, Altira requests a trial of any issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Altira prays for judgment against Defendant Altira Capital, LLC as follows:

A. That the Court render a final judgment in favor of Altira and against Defendant on all claims of relief alleged herein;

B. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from use of the ALTIRA name or mark;

C. That the Court render a final judgment that Defendant's use of the ALTIRA Marks infringes Altira's rights in the federally registered ALTIRA Marks in violation of 15 U.S.C. § 1114;

D. That the Court render a final judgment that Defendant's use of the ALTIRA Marks constitutes unfair competition under 25 U.S.C. § 1125(a);

E. That the Court render a final judgment that Defendant's use of the ALTIRA Marks constitutes trademark infringement and unfair competition under in violation of the common law of the State of Colorado;

F. Awarding to Altira and assessing against Defendant damages, including Altira's actual damages and Defendant's profits, in an amount to be determined at trial, and trebling such damages under the circumstances of this case;

G. Awarding to Altira and assessing against Defendant punitive or exemplary damages;

H. Awarding to Altira and assessing against Defendant the costs, including expert witness fees and reasonable attorneys' fees, incurred in connection with this action; and

I. Granting such other and further relief as this Court deems just and proper.

Dated: May 9, 2023

Respectfully submitted,

*s/James W. Beard*
MERCHANT & GOULD, P.C.
James W. Beard
jbeard@merchantgould.com
1801 California Street, Suite 3300
Denver, Colorado 80202
(303) 357-1670

*Attorneys for Plaintiff Altira Group LLC*

12